# United States Court of Appeals for the Fifth Circuit

No. 24-30392
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CAMDEN MARCELL THIBODEAUX,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:23-CR-54-1

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Camden Marcell Thibodeaux appeals the 408-month within-guidelines sentence he received following his guilty plea conviction for production of child pornography and attempting to entice a minor to engage in criminal sexual activity. He complains that the district court erred in calculating his guidelines range by applying the three-level reduction for

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

acceptance of responsibility to his adjusted offense level of 45. As he did in the district court, he argues that, because an offense level of 43 is the highest level allowed by the Guidelines, the district court should have capped his adjusted offense level at 43 before subtracting three levels for acceptance of responsibility.

As Thibodeaux concedes, his argument is foreclosed by our decision in *United States v. Wood*, No. 94-10217, 1995 WL 84100, at *6-7 (5th Cir. Feb. 8, 1995) (unpublished but precedential per 5TH CIR. R. 47.5.3). While he suggests that *Wood* was erroneously decided, this court must follow its precedent absent en banc reconsideration or a superseding Supreme Court decision. *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

Thibodeaux additionally argues that the sentence he received was substantively unreasonable. The district court's within-guidelines sentence is entitled to a presumption of reasonableness, which "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Inasmuch as Thibodeaux asserts that the district court failed to consider the need to avoid unwanted sentencing disparities under 18 U.S.C. § 3553(a)(6), citing data from the Sentencing Commission regarding mean sentences imposed for defendants with the same criminal history convicted of the same offense, his argument is unavailing. *See United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019). Moreover, the record shows that the district court considered the Presentence Report and guidelines calculations, the parties' arguments and evidence, and the § 3553(a) factors and concluded that a within-guidelines sentence of 408

No. 24-30392

months was warranted based especially on Thibodeaux's history of sexual conduct involving juveniles, including his history of "hands-on" abuse. Although Thibodeaux complains that his mitigating evidence warranted a more lenient sentence, his argument is essentially a disagreement with the district court's weighing of the § 3553(a) factors, which is insufficient rebut the presumption of reasonableness. *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

Accordingly, the district court's judgment is AFFIRMED.